[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

Nos. 23-11407 & 23-11506

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

MATTHEW MORAN,

Defendant-Appellant.

_____

Appeals from the United States District Court
for the Northern District of Georgia
D.C. Docket No. 3:20-cr-00009-TCB-RGV-1

_____

Before WILSON, LUCK, and ANDERSON, Circuit Judges.

PER CURIAM:

Matthew Moran appeals his sentence of 60 months' imprisonment, following his conviction for a single count of wire fraud. On appeal, Moran argues that the district court abused its discretion by imposing an upward-variance sentence from his guideline range of 33 to 41 months' imprisonment because the court failed to properly consider mitigating character evidence, gave too much weight to the victim impact statement, and failed to articulate a sufficient rationale for an upward variance.

We review the substantive reasonableness of the district court's sentence under a deferential abuse-of-discretion standard. *Gall v. United States*, 552 U.S. 38, 51 (2007). The abuse-of-discretion standard of review "allows a range of choice for the district court, including reasonable choices that we must affirm even though we would have gone the other way had it been our call." *United States v. Castaneda*, 997 F.3d 1318, 1331 (11th Cir. 2021) (internal quotations and citation omitted). The defendant bears the burden of showing that the district court's chosen sentence is unreasonable considering the totality of the record and the § 3553(a) factors. *United States v. Gonzalez*, 550 F.3d 1319, 1324 (11th Cir. 2008).

In evaluating the substantive reasonableness of a sentence, the relevant § 3553(a) factors include the nature and circumstances of the offense and the history and characteristics of the defendant; the need for the sentence to reflect the seriousness of the offense,

to promote respect for the law, and to provide just punishment for the offense; to afford adequate deterrence to criminal conduct; to protect the public from further crimes of the defendant; the kinds of sentences available and the sentencing range; and the need to avoid unwarranted sentencing disparities among similarly-situated defendants convicted of similar conduct. 18 U.S.C. § 3553(a)(1), (a)(2)(A), (a)(2)(B), (a)(2)(C), (a)(4), (a)(6).

We must give "due deference" to the district court because it has an "institutional advantage" in making sentencing determinations. *United States v. Shaw*, 560 F.3d 1230, 1238 (11th Cir. 2009) (citations omitted). While the district court must consider all applicable § 3553(a) factors, the district court is permitted to engage in a "holistic" weighing of the § 3553(a) factors. *United States v. Rosales Bruno*, 789 F.3d 1249, 1254 (11th Cir. 2015). The decision of how much weight to assign to a particular sentencing factor is "committed to the sound discretion of the district court," and the district court is "permitted to attach 'great weight' to one factor over others." *Id.* (quoting *Gall*, 552 U.S. at 57). The district court is not required to state or discuss each § 3553(a) factor explicitly, and "[a]n acknowledgement [that] the district court has considered the defendant's arguments and the § 3553(a) factors will suffice." *Gonzalez*, 550 F.3d at 1324. In assigning weight to the § 3553(a) factors, the district court should consider the "particularized, specific facts" of the defendant's case. *Rosales-Bruno*, 789 F.3d at 1260. We have rejected "any across-the-board prescription regarding the appropriate deference to give the [Sentencing] Guidelines," instead giving the district court significant discretion to give heavier weight to any

of the § 3553(a) factors or a combination of factors than to the defendant's guideline range. *Id.* at 1254.

When the district court decides to impose an upward variance, its justifications for doing so must be compelling enough "to support the degree of the variance and complete enough to allow [for] meaningful appellate review." *Shaw*, 560 F.3d at 1238 (internal quotations and citation omitted). However, the district court retains wide discretion to decide whether the § 3553(a) factors justify a variance. *Gall*, 552 U.S. at 51-52. In imposing an upward variance, the district court "may consider conduct that a probation officer already had considered in calculating the defendant's advisory guidelines range." *United States v. Johnson*, 803 F.3d 610, 619 (11th Cir. 2015). The Supreme Court has stated that it is "uncontroversial" to require that a major variance be supported by "a more significant justification" than a minor variance. *Gall*, 552 U.S. at 50. However, even as to a substantial variance, we "will not reverse a sentence unless we are left with the definite and firm conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors by arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case." *Johnson*, 803 F.3d at 618-19.

The district court's sentence "need not be the most appropriate one, it need only be a reasonable one." *United States v. Irey*, 612 F.3d 1160, 1191 (11th Cir. 2010) (*en banc*). An indicator of a reasonable sentence is one that is well below the statutory maximum for the crime. *United States v. Dougherty*, 754 F.3d 1353, 1364

(11th Cir. 2014). We may set aside a sentence only if we determine, after giving "a full measure of deference to [the district court], that the sentence imposed truly is unreasonable." *Irey*, 612 F.3d at 1191. It is "only the rare sentence that will be substantively unreasonable." *United States v. Dixon*, 901 F.3d 1322, 1351 (11th Cir. 2018) (citation omitted).

While the district court can and should consider "the history and characteristics of the defendant" pursuant to § 3553(a)(1), "that history cannot be considered in isolation and without regard to the criminal conduct for which the defendant has been convicted and the characteristics it reveals." *United States v. Howard*, 28 F.4th 180, 219-20 (11th Cir. 2022) (noting that, while the letters and oral statements of the defendant's supporters were strong and relevant evidence of pre-criminal personal history and personal characteristics, "that factor cannot reasonably be held to outweigh all of the other § 3553 factors in [the] case" in light of the totality of the circumstances). Furthermore, pursuant to the Crime Victims' Rights Act ("CVRA"), victims have "[t]he right to be reasonably heard at any public proceeding in the district court involving release, plea, sentencing, or any parole proceeding." 18 U.S.C. § 3771(a)(4).

Here, Moran's sentence was substantively reasonable. The district court considered the proper § 3553(a) factors and based its weighing of the § 3553(a) factors on the particularized, specific facts of Moran's case. *Rosales-Bruno*, 789 F.3d at 1260. The court stated initially that it found "the high end [of the guideline range] woefully inadequate." The court then stated that there was a need

for both specific and general deterrence because it believed that white-collar criminals, including Moran, needed to know that "you don't commit a crime like this and then get probation." 18 U.S.C. § 3553(a)(2)(B). The court also found that the nature and circumstances of the offense justified an upward-variance sentence because Moran "repeatedly lied and manufactured evidence and basically stole $3 million" in a manner that made him highly culpable. 18 U.S.C. § 3553(a)(1). The court stated, "I have been on the bench 17 years . . . [and] I haven't seen a whole lot of fraud cases that were more vicious and involved repeated misrepresentations," which justified an upward variance to reflect the seriousness of the offense, even if the loss amount already was a factor considered in the calculation of the advisory guideline range. 18 U.S.C. § 3553(a)(2)(A); *Johnson*, 803 F.3d at 619. Considering the applicable § 3553(a) factors, the upward variance of 19 months to a total sentence of 60 months' imprisonment was not an abuse of discretion by the court. Additionally, Moran's sentence of 60 months' imprisonment was well below the statutory maximum of 20 years' imprisonment, which is an indicator of a reasonable sentence. *Dougherty*, 754 F.3d at 1364.

Furthermore, it was not an abuse of discretion for the district court to allow the admission of Paynter's victim impact statement and to consider it as part of formulating an appropriate sentence. *See* 18 U.S.C. § 3771(a)(4). The court agreed with Moran's argument that Paynter's victim impact statement should not be taken completely at face value because it obviously was not objective, and thus contrary to Moran's contention on appeal, the court

did not improperly rely on the content of the victim impact statement. The court reasonably could have concluded that aggravating factors—such as the substantial loss amount of $3 million, Moran engaging in repeated patterns of lying and falsifying documents, and Moran taking the money so early after it was provided—outweighed other mitigating factors, such as Moran's general lack of criminal history and the fact others were willing to write letters or speak to Moran's good character. *Howard*, 28 F.4th at 219-20. Furthermore, the district court clearly considered this mitigating evidence, as it noted that Moran's sentence "[was] actually a relaxation of how [the court] felt before [it] came in here" to listen to arguments for a sentence at the lower end of Moran's guideline range. 18 U.S.C. § 3553(a)(1). Thus, after giving "a full measure of deference to [the district court]," it is evident that Moran's case is not one where "the sentence imposed truly is unreasonable." *Irey*, 612 F.3d at 1191.

**AFFIRMED.**